UNITED STATE DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EUGENE C. JOHNSON,

    Plaintiff,

v.                                        Case No. 5:20-cv-249-Oc-02PRL

JAMES P. TARQUIN,

    Defendant.
_____

**<u>ORDER</u>**

Plaintiff, proceeding *pro se*, has been granted leave to proceed *in forma pauperis*. (Doc. 12). The Prison Litigation and Reform Act (PLRA) directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune to such relief. *See* 28 U.S.C. §§ 1915A, 1915(e)(2). The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

In his Complaint, filed pursuant to 42 U.S.C. § 1983, Plaintiff, a pre-trial detainee, sues his former privately retained attorney, James P. Tarquin, for "professional malpractice and negligence." (Doc. 1 at 5). Plaintiff states he hired Mr. Tarquin to represent him in a criminal and a civil case. Plaintiff alleges that Mr. Tarquin "gave fictious court dates of pretrail [sic], jury selection and, trial, coercing me into taking an outrageous plea deal of 78 months, which I had to reject and retain

new counsel." *Id*. at 5-6. Plaintiff further claims that another individual's criminal charges were including on his scoresheet. *Id*. at 6.

Plaintiff's case is due to be dismissed for failure to state a claim. The Defendant is not a state actor for purposes of suit under § 1983. "To obtain relief under § 1983, [a party] must show that he was deprived of a federal right by a person acting under color of state law." *Patrick v. Floyd Medical Center*, 201 F.3d 1313, 1315 (11th Cir. 2000). Only in rare circumstances may a private party be viewed as a state actor for purposes of liability under § 1983. To hold that private parties are state actors, this Court must conclude that one of the following conditions is met: (1) the state coerced or at least significantly encouraged the action alleged to violate the Constitution (state compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the state (public function test); or (3) the state had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test). *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 341, 1347 (11th Cir. 2001). Even liberally construed, the allegations in the Complaint do not suggest that Plaintiff could meet any of those tests.

Without an underlying federal claim, this Court does not have diversity jurisdiction over any state law claims Plaintiff may wish to assert against Mr. Tarquin.

Accordingly, it is hereby

**ORDERED**:

1.	This case is hereby **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted. Such dismissal counts as a "strike" for the purposes of the three-strikes provision of the PLRA, 28 U.S.C. § 1915(g).

2.	The **Clerk of Court** is directed to enter judgment accordingly, terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 20, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Pro Se Party